UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AGSTAR FINANCIAL SERVICES, PCA and AGSTAR FINANCIAL SERVICES, FLCA, | )<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) 1:10-cv-00145-SEB-MJD |
| UNION GO-DAIRY, LLC, UNION GO-DAIRY LEASING, LLC, ANTONIUS G. GOLTSTEIN, IVONNE E. GOLDSTEIN-FERFERS, FIFTH THIRD BANK, and MARY ANN LENKENSDOFER, | )<br>)<br>)<br>)<br>) |
| Defendants. | |

**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE**

This cause is before the Court on Plaintiffs, AgStar Financial Services, PCA and Agstar Financial Services, FLCA (collectively, "AgStar"'s), Motion to Strike Defendant Union-Go Dairy Leasing's ("Leasing") untimely filed Answer. [Docket No. 55]. According to AgStar, this motion is intended to invoke the Court's "inherent authority to control its docket to achieve the orderly and expeditious disposition of cases." Pl. Mem. at 3, citing Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962); In re Bluestein & Co., 68 F.3d 1022 (7th Cir. 1994); Barnhill v. U.S., 11 F.3d 1360, 1367 (7th Cir. 1993). For the reasons detailed in this entry, we DENY Plaintiffs' Motion.

**Procedural Background**

On February 18, 2010, Leasing was served with a copy of AgStar's complaint.

That same day, Leasing filed for Chapter 11 bankruptcy, which triggered an automatic stay, pursuant to 11 U.S.C. § 362. On May 6, 2010, AgStar was granted relief from the stay, and therefore allowed to pursue its claims against Leasing. Leasing was served with a second copy of the Complaint on June 18, 2010. After Leasing did not respond within twenty-one days as required by Fed. R. Civ. P. 12(a)(1)(A)(i), AgStar filed an Application for Entry of Default on Friday, July 23, 2010. Leasing subsequently filed an Answer on the following Monday, July 26, 2010. AgStar has now moved to strike Leasing's Answer.

## **Legal Analysis**

Fed. R. Civ. P. 12(f) authorizes motions to strike. However, this rule provides only for the striking of "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). It does not authorize the striking of an entire Answer. The Court's authority to strike an Answer rests not on a statute or rule, but on "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962).

Although the "orderly and expeditious disposition of cases" is an important consideration, its exercise is discretionary on the part of the Court, allowing other interests to be considered, one of which is the strong policy interest in favoring trials on the merits. See Security Ins. Co. Of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381

(7th Cir. 1995). Given this countervailing policy to allow cases to proceed on the merits absent a compelling reason to do otherwise, AgStar's Motion to Strike must be and the same is hereby <u>DENIED</u>.

IT IS SO ORDERED.

Dated: 02/25/2011

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

KC Cohen
KC COHEN LAWYER, PC
kc@esoft-legal.com

James R. A. Dawson
TAFT STETTINIUS & HOLLISTER LLP
jdawson@taftlaw.com

Dustin R. DeNeal
BAKER & DANIELS
dustin.deneal@bakerd.com

Terry Elizabeth Hall
BAKER & DANIELS
terry.hall@bakerd.com

Kimberlie L. Huff
TAFT STETTINIUS & HOLLISTER LLP
khuff@taftlaw.com

Erica Ann Probst
KEMP SCHAEFFER & ROWE CO., LPA
erica@ksrlegal.com

James Richard Recker
ATTORNEY AT LAW
jamesrecker@justice.com

William J. Stavole
TAFT STETTINIUS & HOLLISTER LLP
wstavole@taftlaw.com

Daniel R. Swetnam
SCHOTTENSTEIN, ZOX & DUNN, L.P.A.
dswetnam@szd.com